IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **STRATA MARKETING, INC.,** a Delaware corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>**ONEDOMAIN, INC.,** an Alabama corporation,<br><br>            Defendant. | FILED: MAY 21, 2008<br>08CV2956      TC<br>JUDGE DOW<br>MAGISTRATE JUDGE BROWN<br><br>No. |

## COMPLAINT

**NOW COMES PLAINTIFF**, Strata Marketing, Inc. ("STRATA"), by and through its attorneys, Thomas D. Rosenwein, Don E. Glickman and James A. Flesch of Gordon, Glickman, Flesch & Rosenwein, and for its Complaint against defendant OneDomain, Inc. ("ONEDOMAIN"), states as follows.

## PARTIES

1.      STRATA is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in this district located at 30 West Monroe Street, Suite 1900, Chicago, Illinois 60603.

2.      Upon information and belief, ONEDOMAIN is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business at 2820 Columbiana Road, Suite 210, Birmingham, Alabama 35216.

## NATURE OF CASE

3.      This is an action for trademark infringement and related statutory and common law violations. STRATA has been using a family of VIEW marks, including VIEW for Cable, VIEW

for TV, STRATA VIEW, Q-VIEW, VIEW-Radio, VIEW32 and VIEW for Agency since at least the early 1990's in connection with media software solutions that allow for advertising and media analysis, planning, scheduling, buying, invoicing and related training for all forms of media communications in the United States. In 2001, ONEDOMAIN was organized as a company and recently has been using marks that incorporate VIEW, including ClearView, MarketView, ViewPoint, View for Agencies and ViewMaster in advertising for the identical or highly similar computer software and services. This action is brought to end the likelihood of confusion that ONEDOMAIN's use of "VIEW" in commerce has and will cause and to obtain relief for injuries caused by ONEDOMAIN's conduct.

## JURISDICTION AND VENUE

4.     This action arises under the Trademark Act of July 5, 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. §1051, *et seq.* and the statutory and common laws of Illinois.

5.     This Court has original subject matter jurisdiction over all asserted claims under 15 U.S.C. §1121, 28 U.S.C. §§1331, 1332 and 1338, and 28 U.S.C. §1367.

6.     ONEDOMAIN is doing business in this judicial district, has committed one or more tortious acts in this judicial district, and is subject to personal jurisdiction in this district.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## EVENTS

8.     Long prior to ONEDOMAIN's use of the term "View" in its brands, STRATA has been using the mark VIEW in connection with its media software and services.

9.     By virtue of its prior use of its family of VIEW marks throughout the United States, STRATA has nationwide rights in connection with the use of the VIEW marks for

2

software solutions that allow for advertising and media analysis, planning, scheduling, buying, invoicing and related training for all forms of media communications in the United States.

10.　　STRATA has promoted its family of VIEW marks for over fifteen years and its use long precedes ONEDOMAIN's use of "View" as a symbol for its media software services.

11.　　STRATA contacted ONEDOMAIN in late March 2008, complaining that ONEDOMAIN's use of "View" was in violation of STRATA's preexisting rights. In that correspondence, STRATA demanded that ONEDOMAIN cease and desist use of "View" as a brand in all advertising, promotion and displays of ONEDOMAIN's services in whatever media.

12.　　ONEDOMAIN has refused to cease its use.

## I.　　FIRST CLAIM FOR RELIEF:
## UNFAIR COMPETITION UNDER §43(A) OF THE LANHAM ACT

13.　　STRATA restates and incorporates paragraphs 1-12 as paragraph 13 of this Count I as though fully set forth herein.

14.　　ONEDOMAIN's acts complained of herein constitute use of a false designation of origin which is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of services offered by ONEDOMAIN, in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

15.　　ONEDOMAIN's acts complained of herein also constitute an attempt to trade on the good will which STRATA has developed in and to its trademarks and service marks, all to the damage of STRATA.

16.　　STRATA and the public have generally been harmed irreparably by ONEDOMAIN's actions, and therefore have no adequate remedy at law.

## II.  SECOND CLAIM FOR RELIEF: SECTION 32(1) OF THE LANHAM ACT

17. STRATA restates and incorporates paragraphs 1-16 as paragraph 17 of this Count II as though fully set forth herein.

18. ONEDOMAIN intentionally adopted and continues to use the "View" mark with full knowledge of STRATA's superior rights and with full knowledge that its unauthorized use of that mark is intended to cause confusion, mistake or deception.

19. ONEDOMAIN's tortious acts constitute willful and deliberate infringement and are in willful and wanton disregard of STRATA's established and superior rights. As a result of ONEDOMAIN's unlawful actions, STRATA has suffered commercial harm.

20. STRATA has also been, and continues to be, harmed irreparably by ONEDOMAIN's unlawful actions and has no adequate remedy at law.

## III.  THIRD CLAIM FOR RELIEF: ILLINOIS ANTI-DILUTION ACT

21. STRATA restates and incorporates paragraphs 1-20 as paragraph 21 of this Count III as though fully set forth herein.

22. Through the acts complained of above, ONEDOMAIN has diluted STRATA's famous, inherently distinctive service mark in violation of the Illinois Anti-Dilution Act, §765 ILCS 1036/65.

23. ONEDOMAIN's intentional and willful acts have caused harm to STRATA and will continue to cause injury in the future.

24. STRATA has generally been harmed irreparably by ONEDOMAIN's actions and there is no adequate remedy at law.

## IV.  FOURTH CLAIM FOR RELIEF: ILLINOIS CONSUMER FRAUD STATUTE

25. STRATA restates and incorporates paragraphs 1-24 as paragraph 25 of this Count IV as though fully set forth herein.

26. ONEDOMAIN is passing off their goods as those of STRATA and is causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, association or affiliation of its services and/or products with STRATA, in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, §815 ILCS 505/1, *et seq*.

27. ONEDOMAIN's willful actions have caused harm to STRATA and will continue to cause harm in the future.

28. STRATA and the public have generally been harmed irreparably by ONEDOMAIN's actions and there is no adequate remedy at law.

## V.  FIFTH CLAIM FOR RELIEF: ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

29. STRATA restates and incorporates paragraphs 1-28 as paragraph 29 of this Count V as though fully set forth herein.

30. ONEDOMAIN is passing off its goods as those of STRATA and is causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, association or affiliation of its services with STRATA, in violation of the Illinois Uniform Deceptive Trade Practices Act, §815 ILCS 510/1, *et seq*.

31. ONEDOMAIN's willful actions have caused harm to STRATA and will continue to cause harm in the future.

32. STRATA and the public have generally been harmed irreparably by ONEDOMAIN's actions and there is no adequate remedy at law.

## VI.  SIXTH CLAIM FOR RELIEF: COMMON LAW UNJUST ENRICHMENT

33. STRATA restates and incorporates paragraphs 1-32 as paragraph 33 of this Count VI as though fully set forth herein.

34. STRATA is the sole owner of the VIEW marks identified above. Nonetheless, ONEDOMAIN has wrongfully used STRATA's family of VIEW marks as part of a scheme to deceive. As a result of that use, ONEDOMAIN has enjoyed a benefit to which it is not entitled, and STRATA has suffered damage.

35. ONEDOMAIN's acts complained of herein thus constitute unjust enrichment under the common laws of Illinois.

36. STRATA and the public have generally been harmed irreparably by the actions of ONEDOMAIN and there is no adequate remedy at law.

## VII.  SEVENTH CLAIM FOR RELIEF: COMMON LAW UNFAIR COMPETITION

37. STRATA restates and incorporates paragraphs 1-36 as paragraph 37 of this Count VII as though fully set forth herein.

38. The actions of ONEDOMAIN, as described above, have caused interference with the established and superior rights of STRATA.

39. As such, the actions of ONEDOMAIN constitute unfair competition under Illinois common law.

40. STRATA and the public have generally been harmed irreparably by ONEDOMAIN's actions and there is no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, STRATA prays for this Court to:

    A.    Grant a permanent injunction restraining and enjoining ONEDOMAIN and all those in privity, concert or participation with ONEDOMAIN from:

    i.    Imitating, copying, duplicating or otherwise making use of STRATA's family of VIEW marks identified above, or any mark confusingly similar to such mark, or cause dilution or impair the distinctive nature of STRATA's mark identified above;

    ii.    Using any false designation of origin or false deception which can or is likely to lead the trade or public, or individual members thereof, to mistakenly believe that any service or product advertised, promoted, offered or sold by ONEDOMAIN is in connection with, or sponsored, approved, endorsed or authorized by STRATA;

    iii.    Causing a likelihood of confusion or injury to STRATA's business reputation and to the distinctiveness of STRATA's service mark, as identified above;

    iv.    Engaging in any other activity constituting unfair competition or infringement of STRATA's service mark identified above, or dilution of that service mark or of STRATA's rights in or to use or to exploit its service mark; and

    v.    Assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in any of the above set forth paragraphs.

    B.    Find that ONEDOMAIN has infringed STRATA's VIEW marks identified above in violation of federal and state laws, and have damaged STRATA's good will by the acts complained of herein.

    C.    Find that ONEDOMAIN has unfairly competed with STRATA by the acts complained of herein in violation of federal and state laws.

    D.    Find that the acts of ONEDOMAIN violate the Illinois Anti-Dilution Act.

    E.    Find that the acts of ONEDOMAIN violate the Illinois Consumer Fraud Act.

F.	Find that the acts of ONEDOMAIN violate the Illinois Uniform Deceptive Practices Act.

G.	Find that the acts of ONEDOMAIN constitute unfair competition and unjust enrichment under Illinois common law.

H.	Grant an Order requiring ONEDOMAIN and any principals, agents, servants, employees, successors and assigns, and all those in privity or in concert with ONEDOMAIN who receive actual notice of said Order to deliver up all signs, articles and promotional advertising, and any other printed materials of any kind bearing STRATA's marks and/or marks confusingly similar to STRATA's mark, or causes dilution of the famous service mark identified above.

I.	Grant an Order requiring ONEDOMAIN and any principals, agents, servants, employees, successors and assigns of, and all of those in privity or concert with ONEDOMAIN that receive actual notice of said Order, to remove from the Internet all matter of any kind bearing STRATA's mark as identified above, or any mark confusingly similar to STRATA's mark, or causes dilution of the service mark identified above.

J.	Award STRATA actual damages and profits in an amount to be determined at trial for all claims asserted, or that statutory damages be awarded as may be appropriate.

K.	Award STRATA its attorneys' fees and all costs and expenses of the litigation.

L.	Award STRATA increased damages due to the willful and wanton nature of ONEDOMAIN's conduct.

M.	Award STRATA punitive damages, exemplary damages and other similar appropriate damages.

N.	Award STRATA prejudgment and post-judgment interest.

O.    Award STRATA such other and further relief as this Court may deem just, proper and equitable under the circumstances.

## JURY DEMAND

STRATA demands a jury trial on all issues so triable.

**STRATA MARKETING, INC.**

Dated: May 21, 2008             By:   /s/ Thomas D. Rosenwein
                                       One of the Attorneys for Plaintiff

Thomas D. Rosenwein (#02391597)
Don E. Glickman (#00972525)
James A. Flesch (#03127112)
**Gordon, Glickman, Flesch & Rosenwein**
140 South Dearborn Street, Suite 404
Chicago, IL  60603
(312) 346-1080

9